## IN THE UNITED STATE DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | | |
|---|---|---|
| **KRAZE BURGER, INC.** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Civil Action No.:**_____ |
| | : | |
| **KRAZE INTERNATIONAL, INC.** | : | **REQUEST FOR JURY TRIAL** |
| Serve: **Secretary of State Corporation** | : | |
| **Commission** | : | |
| **1300 East Main Street** | : | |
| **Tyler Building, 1st Floor** | : | |
| **Richmond, VA  23219** | : | |
| and | : | |
| | : | |
| **IL SEON NOH** | : | |
| Serve: **Kraze International, Ltd.** | : | |
| **3F Samyang Food Building** | : | |
| **3 Gil 104 (Hawolgok-Dong)** | : | |
| **Opesan-Ro, Seongbuk-Gul** | : | |
| **Seoul, South Korea** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

  **COMES NOW** the Plaintiff, KRAZE BURGER, INC. (hereinafter referred to as

"Plaintiff"), by and through its attorneys, and hereby files this Complaint against KRAZE

INTERNATIONAL, INC. d/b/a Kraze Burger, and IL SEON NOH, (collectively

"Defendants"), for bankruptcy fraud:

### NATURE OF ACTION

  1.    Plaintiff alleges it is entitled to civil relief and monetary relief for the

Defendants willful and knowing abuse of the Bankruptcy Code (11 U.S.C. §201 et. seq.) to

effect a fraud upon the Plaintiff, and thereby causing the Plaintiff to suffer damages because it

was prevented from pursuing claims against the assets of Kraze International, Inc. in a timely manner.

2.     The Plaintiff, Kraze Burger, Inc., (hereinafter referred to as "Kraze US"), is a Virginia corporation, which was originally formed in 2010 under the name Hanshik, Inc., and which owns and operates retail hamburger restaurants in the D.C. metropolitan area, including Virginia.

3.     The Defendant, Kraze International Inc., (hereinafter referred to as "Kraze Korea"), is a foreign corporation, which registered to do business in Virginia on August 15, 2011; and later allowed its corporate status in Virginia to be revoked and terminated on or about December 31, 2012.

3.     The Defendant, Il Seon Noh, (hereinafter referred to as "Noh"), is a natural person who was the President and a director of the Defendant, Kraze International Inc., during all times relevant to this cause of action, who resides in the Republic of South Korea.

## JURISDICTION & VENUE

4.     This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §1331 and 1332.

5.     Venue is proper in the Eastern District of Virginia, pursuant to 28 U.S.C. §1391(b), because the events complained of occurred in the Eastern District of Virginia Bankruptcy Court.

6.     This Court has personal jurisdiction over the Defendant, Il Seon Noh, because as the President and Director of Kraze International Inc., he availed himself of the U.S. Bankruptcy Court when he made affirmative representations under oath as the foreign representative of Kraze Korea in connection with a legal action that was pending in the United

States Bankruptcy Court for the Eastern District of Virginia, in which both Defendants sought affirmative relief from that Court.

7.      This Court has personal jurisdiction over the Defendant Kraze International Inc. because it availed itself of the U.S. Bankruptcy Court when it made affirmative representations under oath in connection with a legal action that was pending in the United States Bankruptcy Court for the Eastern District of Virginia, in which both Defendants sought affirmative relief from that Court.

## PARTIES

8.      The Plaintiff Kraze Burger, Inc., is a Virginia corporation, which owns and operates retail hamburger restaurants in the Washington D.C. metropolitan area, including in the Eastern District of Virginia.

9.      The Defendant, Kraze International Inc., is a foreign corporation of the Republic of South Korea, which was previously registered to do business in Virginia on August 15, 2011; and later allowed its corporate status in Virginia to be revoked and terminated on or about December 31, 2012.

10.     The Defendant, Il Seon Noh, is a natural person who was the President and a director of the Defendant, Kraze Korea, during all times relevant to this cause of action and who is a resident of the Republic of South Korea.

11.     On or about September 7, 2010, Kraze US and Kraze Korea entered into a Master Franchise Agreement (hereinafter referred to as "MFA") for the Plaintiff to become the master franchisee in the United States for the Kraze Korea's franchise, and the Defendant was to act as the master franchisor of the Kraze Burger chain of restaurants in the United States.

12.     The parties agreed that Virginia law would apply to the MFA, and the parties exclusively elected to be subject to the jurisdiction of Virginia Courts, including the U.S. District Court for the Eastern District of Virginia and the Circuit Court of Fairfax County, Virginia, which is located in the Eastern District of Virginia.

13.     In the MFA, Kraze Korea agreed to provide the Master Franchisee, Kraze US, with various forms of support in order to enable Kraze US to undertake successful franchising operations in the eastern half of the continental United States.

14.     Kraze Korea was obligated to Kraze US to provide support and assistance which included ongoing training, product information, recipes, operations material, design assistance, operations and training manuals, field consultants, franchisee setup schedules and related materials, advisory assistance, marketing and promotions assistance, research and development of new products and services.

15.     Under the parties' agreement, the ongoing assistance Kraze Korea was obligated to Kraze US to provide it with necessary products, services, and techniques all of which were critical to conduct franchising operations in the U.S., and promote the success and "viability of the franchise units."

16.     Prior to the execution of the MFA, Kraze Korea represented to Kraze US that it was an experienced franchisor in South Korea, with many of its units in Korea franchise units. It further represented it had the expertise, organizational ability, and franchising experience necessary to assist Kraze US in establishing a franchise operation in the United States.

17.     Kraze US was obligated under the MFA to conduct operations in the United States, in accordance with the Kraze Burger manuals and procedures. These manuals were

understood to provide an integral part of the business practices necessary to establish a "Kraze Burger operational system" for a successful U.S. restaurant franchise organization.

18.     Kraze US relied upon the representations that Kraze Korea would make periodic revisions to manuals to promote the Kraze Burger Operational System and that Kraze Korea would be actively involved in overseeing ongoing U.S. operations to assist in the development of a successful restaurant franchise system.

19.     In reliance upon the above representations, made and in furtherance of the MFA, Kraze US paid to Kraze Korea the sum of One Hundred Fifty Thousand Dollars ($150,000).

20.     Notwithstanding the aforesaid duties and obligations of Kraze Korea set forth in the MFA, Kraze Korea failed to provide to Kraze US a workable functioning franchise "system" of operating hamburger franchise restaurants in the United States; Kraze Korea also failed to support and assist KB to set up and operate a franchise organization, or to assist properly with Kraze US operations.

21.     On or about December 2011, when the first unit Kraze Burger restaurant was being opened in the United States, Kraze Korea had no active presence in the United States of field consultants, nor operations managers in the U.S. to assist Kraze US with this opening.

22.     Kraze Korea repeatedly declined requests from Kraze US, in the form of emails, telephone calls, and correspondence requesting assistance with operations, setting up a franchise organization, requesting training and operations manuals for the U.S. market, and requesting Kraze US personnel to assist in establishing a U.S. franchise "system" of operations.

23.     Kraze US invested millions of dollars into its U.S. restaurant units and operations, in compliance with its obligations under the MFA, and otherwise used its best efforts to establish a successful Kraze Burger franchise operation in the U.S.

24.     As Kraze US was opening its first unit, Kraze Korea refused to send Kraze US the Kraze Burger recipes for its sauces which are a key ingredient in its products, to Kraze US, it refused to send financial information regarding profit and losses of Korean franchisees and the profit margins on its products, it refused to send sample food and labor costs, equipment lists, sample agreements or contracts with suppliers and franchisees.  Nor did Kraze Korea send human resource materials, food inventory lists, or any other essential ingredients to assist in the establishment of an operational retail food franchise system.

25.     In 2013, Kraze Korea completely ceased any support of the U.S. operations with Kraze US.

26.     Kraze Korea had agreed to provide Kraze US with access to its marketing department and advertising acumen to assist Kraze US in establishing brand identity in the U.S. market.

27.     The failure of Kraze Korea to support Kraze US in assisting in its establishment of a franchise system in the U.S. was a breach of Kraze Korea's obligations to Kraze US under the MFA.

28.     The aforesaid breaches by Kraze Korea caused Kraze US to fail as a burger restaurant franchise in the United States; and caused it to have to close its restaurant units and lose funds invested into its franchise operation.

29.     As a direct and foreseeable result of the aforesaid breaches by Kraze Korea, Kraze US suffered extensive financial damages in excess of One Million Dollars

($1,000,000); it suffered damages to the extent of the funds invested into the Kraze US

business and opening the first five (5) restaurant units, the lost revenues and profits which

were never realized due to the failure of its restaurant units, the costs expended in trying to

create new recipes and setup franchise operations without support from Kraze Korea, and it

had to suffer judgments by vendors and landlords and paid attorney's fees in defending

numerous lawsuits brought over the failed operations of Kraze US.

30.     Kraze US initiated a lawsuit against Kraze Korea in the Fairfax County Circuit

Court for breach of contract on December 2, 2014 in Case #2014-15513 (hereinafter the

"Fairfax County action").

31.     The Fairfax County action was duly served, and Kraze Korea filed a

counterclaim in the Fairfax County action.  The matter was scheduled for trial on August 15,

2016.

32.     In or about March 14, 2016, Kraze Korea filed for bankruptcy protection in the

Seoul Central District Court in Seoul, South Korea.

33.     On June 20, 2016, the Defendants Kraze Korea and Noh filed a Voluntary

Petition for Recognition of Foreign Bankruptcy under Chapter 15 of Title 11 of the United

States Code, identified as Case No.16-12143-BFK, the Eastern District of Virginia

Bankruptcy Court. (A copy of that Voluntary Petition is attached hereto as Exhibit 1).

34.     As part of that Voluntary Petition, Kraze Korea averred under oath, through its

counsel, that a Rehabilitation Proceeding had been initiated in South Korea for Kraze Korea,

and that certain deadlines relating to creditors and claims had begun. The Rehabilitation Plan

was established to be due on August 1, 2016.

35.     As part of that Voluntary Petition, on June 17, 2016, Defendant Noh executed Form 202, the Declaration under Penalty of Perjury, that he was an authorized agent of the corporation and he had a reasonable belief the allegations contained in the Petition were true and correct. (See Form 202 attached as Exhibit 2).

36.     On June 23, 2016, Defendant Noh submitted a "Unanimous Consent of the Board of Directors for the Resolution of Chapter 15 Bankruptcy" as President and Director of Defendant Kraze Korea to the United States Eastern District of Virginia Bankruptcy Court. (See Consent attached as Exhibit 3).

37.     On June 28, 2016, Defendant Noh submitted a "Declaration in Support of Petition under Chapter 15" as President and Director of Defendant Kraze Korea to the United States Eastern District of Virginia Bankruptcy Court. (See Declaration attached as Exhibit 3). The Declaration made several statements identifying the amount of capital, the stockholders, assets, and liabilities of the Defendant Kraze Korea, and specifically identified certain intangible assets, including "patent right, trademark right, and software" valued at $119,048.

38.     This Plaintiff opposed the Petition for Recognition under Chapter 15 on various legal grounds, including that the Defendant Kraze Korea failed to properly identify assets located here in the United States.

39.     On July 26, 2016, Judge Kenney of the United States Bankruptcy Court, Eastern District of Virginia, held a hearing and granted Defendant Kraze Korea's petition for recognition of a Chapter 15 Bankruptcy, recognizing the South Korean proceedings as a foreign main proceeding under Section 1517 of the Bankruptcy Code. (See Order of July 29, 2016 attached as Exhibit 4).

40.     Based upon the above order, the Fairfax County action was stayed on August 9, 2016.

41.     Pursuant to the provisions of 11 U.S.C. §1518(1), Defendants Kraze Korea and Noh were required and legally obligated to promptly file a notice of change of status concerning any substantial change in the status of such foreign proceeding or the status of the foreign representative's appointment, and any other foreign proceeding regarding the debtor that became known to the foreign representative.

42.     Both Noh and Kraze Korea were responsible for adhering to the Bankruptcy Rules for the Eastern District of Virginia. Bankruptcy Rule 2015 outlines the requirements of a Trustee or Debtor in Possession under various circumstances, including Chapter 7 liquidation, Chapter 11 reorganization, and actions filed under Chapter 12, Chapter 13, and Chapter 15.  B.R. 2015 (d) requires the foreign representative to file any notice required under § 1518 of the Code within 14 days after the date when the representative becomes aware of the subsequent information.

43.     As a direct result of recognizing the foreign main bankruptcy proceeding, all legal actions, including the Fairfax County action were stayed, pending the outcome of the bankruptcy proceedings in South Korea.

44.     The Plaintiff was awaiting the results of the Bankruptcy Proceeding in South Korea before it could re-institute and proceed forward with the Fairfax County action against Kraze Korea.

45.     On September 7, 2016, the bankruptcy proceeding involving Kraze Korea was dismissed due in part to Kraze Korea's failures to file necessary documentation, as well as for other reasons.

46.     Neither of the Defendants notified the U.S. Bankruptcy Court nor Kraze US, that the foreign main proceeding in South Korea had been dismissed until June 15, 2018.

47.     Upon information and belief, Kraze Korea fraudulently transferred and/or sold significant corporate assets to international business conglomerate, LF Food, including the trademark and trade name between July 29, 2016 and June 15, 2018. Other corporate assets were also transferred from Kraze Korea to other third parties during the aforesaid period. These assets which were transferred are estimated to be valued in excess of $4.0 Million Dollars.

48.     11 USC § 1518 obligated Kraze Korea and Noh to promptly notify the U.S. Bankruptcy Court of a change of status.  B.R. 2015(d) further defines the terms "promptly" to be "within 14 days after the date when the foreign representative becomes aware of the subsequent information" (Fed. R. Bankr. P. 2015).

49.     On June 15, 2018, nearly two years after the South Korean bankruptcy proceeding had been terminated, Kraze Korea filed a motion to dismiss the Chapter 15 Bankruptcy Petition in the United States Eastern District of Virginia.

50.     This filing was the first acknowledgement and notice provided to Kraze US that Kraze Korea's pending Bankruptcy action in South Korea had been terminated.

51.     Kraze US filed its response to Kraze Korea's motion to dismiss, and also filed a motion for sanctions, requesting the U.S. Bankruptcy Court award sanctions against the Defendant. The Motion for Sanctions was granted, thereby establishing the Defendants violated their obligations under 11 USC § 1518.

### COUNT 1-Bankruptcy Fraud

52.     The allegations contained in paragraphs 1 through 51 are incorporated herein by reference as if fully stated.

53.     The Defendants Kraze Korea and Noh made representations of fact to the United States Bankruptcy Court during the pendency of the bankruptcy action in order to obtain the relief described above.

54.     Kraze US and the U.S. Bankruptcy Court relied upon those misrepresentations in granting Kraze Korea relief under Title 11 of the U.S. Code

55.     As a direct result of this reliance upon those representations, Kraze Korea was granted relief and Kraze US was not able to proceed with its breach of contract action for over twenty-six months.

56.     From the time the bankruptcy stay was enacted until over twenty six months later, Kraze Korea and Noh completely failed to adhere to their affirmative obligations to the Plaintiff and the Bankruptcy Court.

57.     The Foreign Representative had affirmative duties to this Court and the Plaintiff to advise them of any substantial change in the status of the South Korean bankruptcy case.

58.     After the bankruptcy action in South Korea had been dismissed, Kraze Korea began selling off assets of the corporation, in violation of the bankruptcy stay granted by the U.S. Bankruptcy Court, and in direct violation of the duties owed to the U.S. Bankruptcy Court and Kraze US by Kraze Korea and Noh.

59.     Kraze Korea engaged in a fraudulent transfer of significant assets, and upon information and belief, sold assets after the stay was authorized, by selling the trademark,

name, and other assets for at least $1.0 Million Dollars to LF Food and others, without any prior notice to Kraze US of this sale of assets, nor permission granted by the U.S. Bankruptcy Court.

60.    Noh and Kraze Korea knowingly and fraudulently failed to advise the US Bankruptcy Court and the Plaintiff as to the progress of the South Korean Bankruptcy action, and knowingly and fraudulently sold assets which were subject to the bankruptcy stay provisions of the U.S. Bankruptcy Code.

61.    Noh and Kraze Korea knowingly and fraudulently concealed property to which the putative Debtor, Kraze Korea, had a claim and an inchoate lien against.

62.    As a result of Kraze Korea's purposeful evasion of its duties under 11 U.S.C. §1518(1), Kraze Korea and Noh engaged in a preferential transfer of assets to the detriment of the Plaintiff.

63.    Kraze Korea and Noh's false representations and their affirmative failure to notify Kraze US and the U.S. Bankruptcy Court within a "reasonable" time period prevented the Plaintiff from obtaining a timely judgment against Kraze Korea in August 2016 and being able to enforce that judgment against the assets the Defendants later sold.

64.    If Plaintiff would have been able to obtain a judgment in 2016, it could have attached the valuable assets of Kraze Korea, including the trademark and trade name.

65.    The actions of Kraze Korea and Noh, as described above, represent a willful violation of the U.S. Bankruptcy Code and the improper use of the Bankruptcy Code and the Court in order to defraud Kraze US from securing assets of the corporation, while Kraze Korea was under the protection of the bankruptcy court.

66.     The actions of Kraze Korea and Noh were done with the intent to damage the interests of Kraze US.

67.     The actions of Kraze Korea and Noh did, in fact, damage Kraze US, and prevented Kraze US from obtaining a judgment against Kraze Korea when it still possessed substantial valuable assets.

68.     Kraze Korea is no longer possessed of valuable assets in Korea and is now defunct.

69.     The actions of Kraze Korea and Noh, as aforesaid, caused Kraze US to incur substantial attorneys fees in the prosecution of the Fairfax County action, the bankruptcy action, and subsequent legal actions, all while transferring and selling assets in violation of the bankruptcy stay.

70.     The actions of Kraze Korea and Noh, as aforesaid, were willful and intentional, and an award of punitive damages is appropriate.

71.     An award of attorneys fees incurred by Kraze US in the Fairfax County action and the Bankruptcy action, as well as this action, are also appropriate in this matter.

**COUNT 2-Fradulent Conveyance (Va. Code §55-80)**

72.     The allegations contained in paragraphs 1 through 51 are incorporated herein by reference as if fully stated.

73.     The Defendants knew Kraze US had filed suit against Kraze Korea in Fairfax County Circuit Court at the time it committed the following acts.

74.     The Defendants Kraze Korea and Noh made representations of fact to the United States Bankruptcy Court during the pendency of the bankruptcy action in order to obtain the relief described above, against Kraze US which was located in Virginia.

75.     Kraze US and Noh had actual knowledge of Plaintiff's pending civil action against them on June 20, 2016, when they filed their Petition for Recognition of Foreign Bankruptcy under Chapter 15 of Title 11 of the United States Code, identified as Case No.16-12143-BFK, in the Eastern District of Virginia Bankruptcy Court, Alexandria, Virginia division.

76.     After the bankruptcy action in South Korea had been dismissed in September 7, 2016, Kraze Korea began selling off assets of the corporation, in violation of the bankruptcy stay granted by the U.S. Bankruptcy Court.

77.     Kraze Korea engaged in a fraudulent transfer of significant corporate assets, and upon information and belief, sold assets after the stay was authorized, by selling the trademark, name, and other assets for at least $1.0 Million Dollars to LF Food and others, without any prior notice to Kraze US of this sale of assets, nor permission granted by the U.S. Bankruptcy Court.

78.     The Defendants made those transfers with the intent to hinder, delay, and defraud the Plaintiff, the just creditor of Kraze Korea, in order that the Plaintiff not be able to successfully enforce any judgment it obtained against Kraze Korea.

79.     The effect of such transfer of these assets to LF Food and other third parties, has rendered Kraze Korea unable to satisfy any judgment owed to the Plaintiff.

80.     Kraze Korea does not possess any significant assets, other than intangible assets including the trade name, copyrights, and trademark, from which the Plaintiff can satisfy its liquidated debt.

81.     The conveyances conducted by Kraze Korea between July 29, 2016 and June 15, 2018 should be set aside as a fraudulent conveyances, and the Defendants Kraze Korea

should be held to be the constructive trustees of such assets, holding it for the benefit of the Plaintiff creditor.

82.     The actions of Kraze Korea and Noh, as described above, represent a willful violation of the U.S. Bankruptcy Code and the improper use of the Bankruptcy Code and the Court in order to defraud Kraze US from securing assets of the corporation, while Kraze Korea was under the protection of the bankruptcy court.

83.     The actions of Kraze Korea and Noh were done with the intent to damage the interests of Kraze US.

84.     The actions of Kraze Korea and Noh did, in fact, damage Kraze US, and prevented Kraze US from obtaining a judgment against Kraze Korea when it still possessed substantial valuable assets.

85.     Kraze Korea is no longer possessed of valuable assets in Korea and is now defunct.

86.     The actions of Kraze Korea and Noh, as aforesaid, caused Kraze US to incur substantial attorneys fees in the prosecution of the Fairfax County action, the bankruptcy action, and subsequent legal actions, all while transferring and selling assets in violation of the bankruptcy stay.

87.     The actions of Kraze Korea and Noh, as aforesaid, were willful and intentional, and an award of punitive damages is appropriate.

88.     An award of attorneys fees incurred by Kraze US in the Fairfax County action and the Bankruptcy action, as well as this action, are also appropriate in this matter.

WHEREFORE, upon the foregoing premises considered, the Plaintiff respectfully requests this Court enter judgment against the Defendants, Kraze Korea and Noh, jointly and severally, in an amount to be determined at trial, as follows:

a. In Count 1, in an amount in excess of One Million Dollars ($1,000,000) in compensatory damages, and in an amount in excess of One Million Dollars ($1,000,000) in punitive damages, an injunction against any assets of Kraze Korea to be enforced through the Bankruptcy Court of Korea, and

b. In Count 2, an order restoring any assets sold by Kraze Korea after July 29, 2016 back into the possession of Kraze Korea, and a monetary award in an amount in excess of One Million Dollars ($1,000,000) in compensatory damages, in an amount in excess of One Million Dollars ($1,000,000) in punitive damages, and

c. An award of attorneys fees incurred by Plaintiff in the pursuit of this matter, together with prejudgment interests from July 29, 2016 through the date of judgment, and all costs expended; and

d. such further relief as this Court deem appropriate to the facts and circumstances of this case and to make the Plaintiff whole.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of the Plaintiff, demands a trial by jury on all questions of fact raised by this complaint.

KRAZE BURGER, INC.
By Counsel

Respectfully Submitted,

_____
Richard F. MacDowell, Jr. VSB#21083
10500 Sager Avenue, Suite F
Fairfax, VA 22030
(703) 277-2811
(703) 277-2877
rfm@lawmacdowell.com
Counsel for Plaintiff